NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3247
_____

UNITED STATES OF AMERICA

v.

DEVON BRINKLEY,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-09-cr-00060-004)
District Judge:  Honorable Berle M. Schiller
_____

Submitted Under Third Circuit LAR 34.1(a)
April 25, 2013

Before:   JORDAN, GREENBERG and NYGAARD, *Circuit Judges*.

(Filed: April 26, 2013)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Devon Brinkley appeals a final judgment of conviction and sentence entered by

the United States District Court for the Eastern District of Pennsylvania, sentencing him

to 1,285 months' imprisonment for his participation in a conspiracy to commit multiple

armed robberies.  For the following reasons, we will affirm.

## I.    Background

In October 2008, Brinkley and several co-conspirators conducted a series of armed robberies of Philadelphia-area businesses.  The conspirators committed a total of eight robberies over the course of nine days, and Brinkley personally participated in five of them.  Specifically, between October 10, 2008, and October 18, 2008, he robbed at gunpoint three Dunkin' Donuts stores, a McDonald's restaurant, and a Pizza Hut restaurant.

On October 22, 2009, a grand jury returned an indictment charging Brinkley with one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count 1); five counts of Hobbs Act robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951, 2 (Counts 2, 4, 6, 8, and 10); and five counts of using and carrying a firearm in furtherance of a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c), 2 (Counts 3, 5, 7, 9, and 11).  Brinkley and one co-defendant proceeded to trial, which resulted in the co-defendant's acquittal.  The jury was unable to reach a verdict on the charges against Brinkley, however, and the Court declared a mistrial.  He was retried on March 1, 2011, and that second trial again resulted in a hung jury.  He went to trial for a third time on May 10, 2011, following which a jury found him guilty of all charges.

Due to Brinkley's five § 924(c) convictions, he faced a mandatory minimum term of imprisonment of 107 years (or 1,284 months).[1]  Following a sentencing hearing on

---

[1] Each § 924(c) conviction carried a mandatory minimum term of imprisonment that was required to be served consecutively to all other sentences.  The first § 924(c)

August 9, 2011, the District Court sentenced him to a below-guidelines sentence of 1,285 months' imprisonment, one month longer than the mandatory minimum.[2] The Court also imposed five years of supervised release, $20,952 in restitution, a $2,500 fine, and a $1,100 special assessment. This timely appeal followed.

## II.     Discussion[3]

Brinkley raises three issues on appeal. First, he argues that his second and third trials should have been barred by the Double Jeopardy Clause of the Fifth Amendment. Second, he contends that the District Court abused its discretion by failing to declare a mistrial due to a statement made by the government that he alleges bolstered the credibility of a witness. Third, he maintains that his term of imprisonment constitutes cruel and unusual punishment, in violation of the Eighth Amendment. We address each of those arguments in turn.

---

charge, Count 3, required a seven-year sentence. 18 U.S.C. § 924(c)(1)(A)(ii) (requiring a minimum sentence of seven years if a firearm is brandished in furtherance of a violent crime). The four other § 924(c) charges, Counts 5, 7, 9, and 11, all constituted "subsequent conviction[s]" under that subsection, and therefore each had a mandatory term of 25 years. *Id.* § 924(c)(1)(C).

[2] The additional month was due to the sentence imposed by the District Court on Counts 1, 2, 4, 6, 8, and 10 (the conspiracy charge and the robberies themselves). The Court imposed a one-month term on each count, to be served concurrently. That sentence was then required to be served consecutively with the terms imposed on the § 924(c) counts. 18 U.S.C. § 924(c)(1)(D)(ii). The recommended range under the guidelines was 1347 to 1362 months' imprisonment.

[3] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We exercise plenary review over a district court's legal conclusions, *Love v. Morton*, 112 F.3d 131, 133 (3d Cir. 1997), and we review a denial of a mistrial for abuse of discretion, *United States v. Weaver*, 267 F.3d 231, 245 (3d Cir. 2001). Objections not raised before the district court are reviewed for plain error. *United States v. Irizarry*, 341 F.3d 273, 298 (3d Cir. 2003).

3

A.    *Double Jeopardy*

Brinkley contends that he "had an absolute, constitutional right to have the charges against him decided by one jury in one criminal trial," and thus that his two retrials "should have been barred by the Double Jeopardy Clause of the Fifth Amendment." (Appellant's Br. at 7.)  That argument has no merit, because the Supreme Court has made it clear that "retrial following a 'hung jury' does not violate the Double Jeopardy Clause." *Richardson v. United States*, 468 U.S. 317, 324 (1984).  Such retrials are permissible because "failure of the jury to reach a verdict is not an event which terminates jeopardy," *id.* at 325, meaning that Brinkley's original jeopardy continued until the jury reached a verdict in his third trial.  *See also Evans v. Michigan*, __ S.Ct. __, No. 11-1327, 2013 WL 610197, at *8 (Feb. 20, 2013) ("[W]hen a defendant persuades the court to declare a mistrial, jeopardy continues and retrial is generally allowed.")  His second and third trials were therefore constitutional, and the Double Jeopardy Clause provides no basis for reversing his conviction.

B.    *Failure to Declare a Mistrial*

Brinkley next contends that the District Court erred by failing to declare a mistrial "as a result of a statement made by the government that essentially served to bolster the credibility of its witness." (Appellant's Br. at 8.)  The statement at issue is a question posed by the prosecution following a series of questions regarding a witness's criminal history.  After prompting the witness to explain that he had previously been sentenced to a term of 36 months in an earlier case, the Assistant United States Attorney – who also happened to have prosecuted the witness – asked, "Do you recall if I asked the Judge for

4

a more harsh sentence?" (App. at 10.)  Defense counsel objected, the Court sustained the objection, and the witness never answered the question.  Nonetheless, the defense moved for a mistrial "on the grounds that the mere presentation of that question in the presence of the jury bolstered the credibility of the witness" and "created the appearance that since the government requested that the court impose a sentence more severe than three years, the witness should be viewed more favorably than previous witnesses who had testified to receiving sentences in excess of eighteen years." (Appellant's Br. at 10.)  The District Court denied that motion but, following closing arguments, instructed the members of the jury that when an objection has been sustained they should disregard the question "and not speculate as to what the answer would have been." (Supplemental App. at 87.)

Brinkley is correct that a prosecutor is not permitted to vouch for a witness, *see United States v. Walker*, 155 F.3d 180, 187 (3d Cir. 1998), but that simply did not occur in this case.  The question asked by the prosecutor did not "assure the jury that the testimony of a government witness [was] credible," *id.*, and any risk that the jury may have made such an inference was satisfactorily cured by the jury instruction, *United States v. Univ. Rehab. Servs., Inc.*, 205 F.3d 657, 668 (3d Cir. 2000) (en banc).  In such a situation, it is well within the District Court's discretion to deny a motion for a mistrial.

C.    *Cruel and Unusual Punishment*

Finally, Brinkley argues that his sentence of 1,285 months' imprisonment constitutes cruel and unusual punishment under the Eighth Amendment.  As discussed above, *see supra* notes 1 and 2 and accompanying text, that sentence was statutorily required due to his five § 924(c) convictions.  *See* 18 U.S.C. § 924(c) (imposing

5

mandatory minimum sentences and requiring that they be served consecutively).

Nonetheless, Brinkley contends that sentencing a 24-year-old man to a 107-year term of imprisonment is so "disproportionate to the actual crimes that it is shocking to the conscience," and thus his sentence must be overturned. (Appellant's Br. at 11-12.)

The Eighth Amendment's ban on cruel and unusual punishment "prohibits imposition of a sentence that is grossly disproportionate to the severity of the crime." *Rummel v. Estelle*, 445 U.S. 263, 271 (1980). That "narrow proportionality principle … applies to noncapital sentences," *Ewing v. California*, 538 U.S. 11, 20 (2003) (internal quotation marks omitted), but "successful challenges to the proportionality of particular sentences have been exceedingly rare" outside of the context of capital punishment, *id.* at 21 (internal quotation marks omitted). The Supreme Court has identified four principles that guide proportionality review: "the primacy of the legislature, the variety of legitimate penological schemes, the nature of our federal system," and the fact that the Eighth Amendment "forbids only extreme sentences that are grossly disproportionate to the crime." *Id.* at 23 (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)) (internal quotation marks omitted). Applying those principles, the Supreme Court has upheld a mandatory life sentence under a state recidivist statute when the triggering crime was a conviction for obtaining $120.75 by false pretenses and the two predicate crimes were similar nonviolent offenses. *Rummel*, 445 U.S. at 275-76, 285. And in a situation remarkably like this one, we have concluded that, under those principles, a mandatory 55-year sentence imposed under § 924(c) for two armed

6

robberies and a variety of drug charges does not violate the Eighth Amendment. *United States v. Walker*, 473 F.3d 71, 82-83 (3d Cir. 2007).

In light of that precedent, we cannot say that the 107-year term of imprisonment imposed here for multiple armed robberies is, in a constitutional sense, "grossly disproportionate" to Brinkley's five violent and potentially fatal crimes. *Ewing*, 538 U.S. at 23 (internal quotation marks omitted). Accordingly, while it is not frivolous to question the consequence of paying with a lifetime in jail for this nine-day crime spree, the Eighth Amendment does not bar Brinkley's term of imprisonment, and we must defer to the legislative determination that such a sentence is warranted.

## III. Conclusion

For the foregoing reasons, we will affirm the sentence imposed by the District Court.