ALD-066                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2113
_____

UNITED STATES OF AMERICA

v.

DEVON BRINKLEY,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-09-cr-00060-004)
District Judge: Honorable Kai N. Scott

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
on January 16, 2025

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: January 28, 2025)

_____

PER CURIAM

Devon Brinkley, a federal inmate proceeding pro se, appeals from the District Court's order denying his second motion for compassionate release under 18 U.S.C. § 3582(c). The Government has filed a motion for summary affirmance. We grant the Government's motion.

In 2008, Brinkley and his co-conspirators conducted a series of armed robberies. After two federal trials resulted in hung juries, Brinkley's third trial resulted in his conviction on all charges, including five counts of Hobbs Act robbery, 18 U.S.C. § 1951, and five firearm counts in violation of 18 U.S.C. § 924(c). Due to the mandatory consecutive § 924(c) sentences, Brinkley was sentenced to a term of imprisonment of 107 years. We affirmed the conviction and sentence. *See United States v. Brinkley*, 524 F. App'x 817, 818 (3d Cir. 2013).

In 2021, Brinkley filed his first motion for compassionate release, which was based primarily on a change to the statutory penalties for consecutive § 924(c) convictions, his young age at the time of the offense, his rehabilitation, and a comparison with the sentences of his co-defendants. The District Court determined that the disparity between Brinkley's sentence and the sentence he would receive under current law was an extraordinary and

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

compelling reason for granting the motion,[1] and, after weighing the 18 U.S.C. § 3553(a) factors, reduced Brinkley's total term of imprisonment to 240 months.

In January 2024, Brinkley filed a second motion for compassionate release based on essentially the same grounds as his first motion. The District Court denied the motion. This appeal ensued.

We have jurisdiction under 28 U.S.C. § 1291. *See United States v. Muhammud*, 701 F.3d 109, 111 (3d Cir. 2012). We review for abuse of discretion the District Court's ultimate decision to grant or deny a motion for compassionate release and will not disturb the decision unless the District Court committed a clear error of judgment. *See United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021). We may take summary action on any basis supported by the record if the appeal presents no substantial question. *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Here, the extraordinary and compelling reasons that Brinkley presented in support of a reduction under § 3582(c)(1) are essentially the same as those he previously raised in his first motion. Thus, we discern no abuse of discretion in the District Court's ultimate determination that the sentence reduction it had previously provided was appropriate and that there was no basis in the second motion to provide a further reduction.[2]

---

[1] The Government elected not to appeal this decision. *See* C.A. Doc. No. 14 at 6–7 (discussing this Court's determinations, in *United States v. Andrews*, 12 F.4th 255, 261 (3d Cir. 2021), and in *United States v. Rutherford*, 120 F.4th 360, 376 (3d Cir. 2024), that the change in § 924(c) cannot be a basis for compassionate release).

[2] We note that Brinkley's filings on appeal generally do not address his asserted bases for compassionate relief under § 3582(c)(1). Instead, he primarily raises challenges to his conviction and sentence, including a claim under *United States v. Taylor*, 596 U.S. 845 (2022),

Accordingly, we will affirm the judgment of the District Court.

---

which must be raised in a motion for relief under 28 U.S.C. § 2255. In the District Court proceedings, Brinkley was informed that he must file an application under 28 U.S.C. § 2244 with this Court if he wishes to file a second or successive § 2255 motion raising a *Taylor* claim. We similarly direct Brinkley to file a § 2244 application with this Court if he wishes to pursue such relief.