NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1641
_____

UNITED STATES OF AMERICA

v.

BRYAN HILL,
a/k/a "B", a/k/a BASHIR

Bryan Hill,
                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 10-cr-00620-07)
District Judge:  Hon. Lawrence F. Stengel
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 24, 2015

Before:  CHAGARES, JORDAN, and BARRY, *Circuit Judges*.

(Filed: May 11, 2015)
_____

OPINION*
_____

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Bryan Hill appeals his conviction and sentence in the United States District Court for the Eastern District of Pennsylvania based on his participation in a large-scale drug-trafficking enterprise known as the "Harlem Boys" that operated in the Bartram Village Housing Development ("Bartram Village") in Philadelphia. On appeal, he raises three grounds of alleged error. For the following reasons, we will affirm.

## I.    Background

The pertinent factual background surrounding the Harlem Boys drug-trafficking operation is set forth more fully in the lead opinion in the case. *See United States v. Moten*, No. 13-3801, Slip Op. at 2-5 (3d Cir. May 11, 2015). We provide here only the facts relevant to Hill's appeal.

Stemming from his participation in the Harlem Boys enterprise, Hill was named along with nineteen other defendants in an eighty-nine count superseding indictment. More specifically, he was charged with conspiracy to participate in a racketeering enterprise (count 1), in violation of 18 U.S.C. § 1962(d); conspiracy to distribute 280 grams of cocaine base (crack) and marijuana (count 2), in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846; possession with intent to distribute cocaine base (crack) (count 7), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); use of a communication facility in furtherance of a drug crime (count 18), in violation of 21 U.S.C. § 843(b); and possession of a firearm by a convicted felon (count 31), in violation of 18 U.S.C. § 922(g)(1). He was convicted of all five counts and the District Court sentenced him to 240 months'

2

imprisonment and five years' supervised release and imposed various fines and special assessments.

## II.   Discussion[1]

On appeal, Hill challenges the sufficiency of the evidence adduced at trial, argues that the District Court incorrectly calculated his offense level, and contends that the Court imposed an unreasonable sentence in light of the time he had already served.

### A.   Sufficiency of the Evidence[2]

According to Hill, there was insufficient evidence to show that he was a part of the Harlem Boys enterprise rather than merely a seller to – and occasional buyer from – the enterprise.  He argues that his conviction on counts 1 and 2 should therefore be vacated. We disagree.

Hill correctly cites to *United States v. Gibbs* for the proposition that a "simple buyer-seller relationship, without any prior or contemporaneous understanding beyond the sales agreement itself, is insufficient to establish that the buyer was a member of the seller's conspiracy."  190 F.3d 188, 197 (3d Cir. 1999).  That is not, however, the case here.  Rather, the government adduced substantial evidence that Hill was an integral member of the Harlem Boys enterprise.  For example, the evidence showed that he

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction pursuant to 28 U.S.C. § 1291.

[2] "[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction ... is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational  trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 424-25 (3d Cir. 2013) (en banc) (internal quotation marks omitted).

obtained drugs for the Harlem Boys to sell on the streets of Bartram Village; he returned a portion of his profits from those sales to one of the Harlem Boys; he was observed on numerous occasions selling crack while standing next to – and in one instance physically receiving objects from – the members of the Harlem Boys; and he was well-known as one of the Harlem Boys' "goons" – that is, someone who would "rob or shoot people, kill people" on behalf of the enterprise. (App. at 6644.) The government also adduced testimony that Hill participated in a carjacking along with members of the enterprise in retaliation for an assault on a cousin of one of the Harlem Boys. Finally, Hill has tattooed on his right forearm the letters "YHM," an acronym for "Young Hit Men," which was an alternative name for the Harlem Boys. (App. at 1390.) *See Moten*, No. 13-3801, Slip Op. at 1. Given those facts, a rational juror could certainly conclude that Hill was part of the criminal enterprise.

## B.    Incorrect Offense Level[3]

Hill next argues that the District Court incorrectly calculated his base offense level under the Sentencing Guidelines. Again, he is mistaken.

The District Court calculated Hill's base offense level using the quantity of crack the enterprise was distributing during the time period when Hill was part of the enterprise and not incarcerated. The Court concluded that the entire weekly quantity of crack that the Harlem Boys distributed was attributable to Hill – some 4.5 ounces – but only for the weeks when he was participating in the enterprise – some 197 weeks. The District Court

---

[3] We exercise plenary review over the District Court's interpretation of the Sentencing Guidelines and review its factual findings for clear error. *United States v. Smith*, 751 F.3d 107, 118 (3d Cir. 2014).

calculated that quantity to be more than 24 kilograms, which was the quantity used to determine the offense level of 38.

That conclusion depended upon the premise that Hill was not merely a street-level dealer for the enterprise but rather was an active and substantial participant in its operations and thus responsible for more of the crack than he was personally dealing. We cannot see any error, let alone clear error, in that factual finding. *See United States v. Smith*, 751 F.3d 107, 118 (3d Cir. 2014) (factual findings at sentencing are reviewed for clear error). Based on that finding, the District Court could attribute to Hill the entire quantity of drugs that it was reasonably foreseeable the enterprise would sell. *United States v. Collado*, 975 F.2d 985, 992 (3d Cir. 1992) ("[W]hether a particular defendant may be held accountable for amounts of drugs involved in transactions conducted by a co-conspirator depends upon the degree of the defendant's involvement in the conspiracy and, of course, reasonable foreseeability with respect to the conduct of others within the conspiracy.").

### C.    Unreasonable Sentence[4]

Finally, Hill argues that his sentence of 240 months' incarceration was substantively unreasonable because of the "irrational" sentencing disparity between crack and powder cocaine, his lower degree of involvement in the enterprise, his previous periods of incarceration for related offenses, more lenient sentences given to culpable

---

[4] We review a District Court's sentence for substantive reasonableness under an abuse of discretion standard that takes into account the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007).

cooperators, and various socioeconomic disadvantages that he faced as a child. (Opening

Br. at 48.) His arguments are unpersuasive.

First, because Hill was sentenced after the enactment of the Fair Sentencing Act of

2010, which reduced the crack to powder ratio from 100:1 to 18:1, the District Court was

merely permitted – but not obligated – to vary downward based on the lower powder

Guidelines.[5] *Spears v. United States*, 555 U.S. 261, 265-66 (2009). Any policy

disagreement Hill has with respect to the remaining sentencing disparity between crack

and powder cocaine must be directed to Congress. Second, the District Court based its

sentence on Hill's role in the enterprise, which it found to be substantial and active, albeit

not one of leadership. (App. at 8930 ("[T]his is somebody who is deeply involved in the

regular, ongoing, dangerous criminal behavior which took place during the life of the

---

[5] In his sentencing memorandum – but not at the hearing itself – Hill moved for a discretionary downward variance based on the sentencing disparity between crack and powder cocaine offenses. The District Court did not expressly rule on that request. In at least one circuit, the failure to expressly address a downward variance request based on the powder to crack disparity can be reversible error. *See, e.g.*, *United States v. Morris*, 775 F.3d 882, 887 (7th Cir. 2015) ("Although it is true that the court granted [the defendant] a below-guidelines sentence, it is impossible to discern from this record whether the court credited [his] … argument[] [as to the crack-powder disparity] in fashioning that sentence and so we must remand."); *United States v. Johnson*, 643 F.3d 545, 549 (7th Cir. 2011) ("Johnson argues that the district court committed a procedural error at resentencing by not expressly responding to his repeated requests for a 1:1 crack-to-powder ratio. … We agree with Johnson that the district court erred."). While we have remanded cases decided prior to *Spears* on that basis, we have not done so after. Because Hill does not argue that the District Court committed a procedural error, we only note that the better course would have been to explicitly address Hill's major arguments for variance.

conspiracy.").) That factual finding was not clearly erroneous and the below-Guidelines sentence the Court imposed based on that finding was not an abuse of discretion.

Third, the District Court actually did consider Hill's previous periods of incarceration and granted a substantial downward variance – somewhere around five years – based on the state sentences that Hill served for the predicate acts charged in the RICO conspiracy. Fourth, the District Court also granted an additional downward variance – somewhere around five years – based on the sentencing disparities between Hill and the leaders of the enterprise who received lighter sentences because they pled guilty. We cannot say it was an abuse of discretion for the Court not to grant a larger downward variance. Finally, the District Court did consider the unfortunate circumstances of Hill's upbringing but ultimately chose not to grant an additional downward variance on that basis. That was not an abuse of discretion.

## III.    Conclusion

For the forgoing reasons, we will affirm Hill's conviction and sentence.