**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1446
_____

UNITED STATES OF AMERICA

v.

BRYAN HILL, a/k/a "B" a/k/a Bashir,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:10-cr-00620-007)
District Judge: Honorable Michael M. Baylson

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
July 17, 2025

Before: SHWARTZ, MATEY, and CHUNG, Circuit Judges

(Opinion filed: August 7, 2025)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Bryan Hill, a federal inmate proceeding pro se, appeals from the District Court's order denying his motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2). The Government has filed a motion for summary affirmance. We grant the Government's motion.

In 2012, following a jury trial in the District Court, Hill was convicted of racketeering, drug, and firearms offenses. The District Court determined that Hill was responsible for 24 kilograms of crack (cocaine base), which resulted in a base offense level of 38 under the applicable Sentencing Guidelines. Hill also received a two-level enhancement for gun possession, which resulted in a total offense level of 40. Hill received 13 criminal history points, including two "status" points pursuant to U.S.S.G. § 4A1.1, because he was on parole when he committed the offenses here. This resulted in a criminal history score of VI.

Hill's guidelines range, with a criminal history score of VI and a total offense level of 40, was 360 months to life. The District Court varied from the range and sentenced Hill to 240 months' imprisonment. We affirmed the conviction and sentence. See United States v. Hill, 612 F. App'x 111, 114 (3d Cir. 2015) (determining that "the District Court could attribute to Hill the entire quantity of drugs that it was reasonably foreseeable the enterprise would sell" and that the "District Court calculated that quantity to be more than 24 kilograms").

In December 2024, Hill filed a motion for a reduction of sentence, under 18 U.S.C. § 3582(c)(2), based on Amendments 782 and 821 to the United States Sentencing Guidelines.[1]  The District Court denied the motion.  This appeal ensued.

We have jurisdiction under 28 U.S.C. § 1291.  See United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012).  We review a District Court's interpretation of the Sentencing Guidelines de novo.  United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009).  "We review a court's ultimate decision whether to grant or deny a defendant's motion to reduce sentence under § 3582(c)(2) for abuse of discretion."  Id.  We may take summary action on any basis supported by the record if the appeal presents no substantial question.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Pursuant to 18 U.S.C. § 3582(c)(2), a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."  See also Dillon v. United States, 560 U.S. 817, 821 (2010).  Section 1B1.10(a)(2)(B) of the Guidelines provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range."  Here, the District Court, citing to the Government's briefing, correctly determined that Hill is not entitled to a sentence

---

[1] In 2022, Hill filed a somewhat similar motion under 18 U.S.C. § 3582(c)(2), which the District Court denied.  He did not appeal.

reduction because Amendments 782 and 821 do not have the effect of lowering his applicable guideline range.

Those amendments did have the effect of lowering Hill's base offense level, for 24 kilograms of cocaine base, to 36, see U.S.S.G. § 2D1.1(c) (Drug Quantity Table), and lowering his criminal history score one point for his parole status, see U.S.S.G. § 4A1.1(e), to a total of 12 criminal history points. But even under the revised criminal history score of V and the revised total offense level of 38[2], Hill's guideline range remains 360 months to life. See U.S.S.G. § 5A. Thus, the amendments do not have the effect of lowering Hill's applicable guideline range, and he is not entitled to a sentence reduction.[3] See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B); Dillon, 560 U.S. at 831.

---

[2] This level is calculated based on the new base level of 36 plus the two-point enhancement for gun possession. See generally U.S.S.G. § 1B1.10(b)(1) ("In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court . . . shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.").

[3] To the extent that Hill requests other relief and mentions other challenges to his conviction and sentence which are unrelated to Amendments 782 and 821, the District Court correctly declined to address them in this proceeding under 18 U.S.C. § 3582(c)(2). See Dillon, 560 U.S. at 831 ("Because the aspects of his sentence that Dillon seeks to correct were not affected by the Commission's amendment to § 2D1.1, they are outside the scope of the proceeding authorized by § 3582(c)(2), and the District Court properly declined to address them.").

Accordingly, we will affirm the judgment of the District Court. In light of our disposition, we grant the Government's request to be relieved of its obligation to file a brief.