**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3407
_____

UNITED STATES OF AMERICA

v.

JOSEPH JACKSON,
                              Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-14-cr-00274-001)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 27, 2020
_____

Before:  CHAGARES, RESTREPO, and BIBAS, Circuit Judges.

(Filed: January 31, 2020)

_____

OPINION[*]
_____

_____

    [*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, <u>Circuit</u> <u>Judge</u>.

Joseph Jackson appeals his sentence of 84 months of imprisonment and three years of supervised release for possession with intent to distribute and distribution of heroin, and his attorney moves to withdraw as counsel pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). For the following reasons, we will dismiss the appeal as untimely and grant the motion to withdraw.

I.

We write for the parties and so recount only the facts necessary to our decision. Jackson was indicted for possession with intent to distribute and distribution of heroin in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Jackson pleaded guilty and the probation office calculated an advisory U.S. Sentencing Guidelines range of 151 to 188 months of imprisonment. Jackson stated on the record that he was satisfied with counsel's representation and that he understood his rights and still intended to plead guilty.

After pleading guilty, but before sentencing, Jackson filed a <u>pro</u> <u>se</u> motion to have his initial trial counsel withdraw. Jackson claimed that his counsel failed to communicate with him about his case and that his relationship with counsel could not be saved. The District Court granted the motion to withdraw and appointed new counsel. At sentencing, Jackson's new counsel requested a downward departure from the Guidelines range, contending that the career offender Guidelines overrepresented the seriousness of Jackson's criminal history. He also argued for a downward variance based on Jackson's relatively minor past offenses, difficult childhood, mental health issues, good behavior

2

while incarcerated, and the risk of sentencing disparities. At the sentencing hearing, Jackson stated on the record that he was satisfied with his second counsel's representation.

The District Court sentenced Jackson to 84 months of imprisonment and three years of supervised release. The plea agreement preserved Jackson's right to appeal in only three circumstances: (i) if the Government appealed; (ii) if his sentence exceeded statutory limits; or (iii) if his sentence "unreasonably exceed[ed]" the Guidelines range. Appendix ("App.") 45.

Four months after the appeal deadline passed, the District Court denied Jackson's pro se motion for a two-point reduction in his sentence. Three months later, the District Court denied Jackson's pro se "Motion to Appeal," in which he asked for appointed counsel to pursue an ineffective assistance of counsel ("IAC") claim. Supplemental Appendix 6–9. Two months after that, Jackson filed a pro se motion to vacate his conviction under 28 U.S.C. § 2255. The District Court issued a notice under United States v. Miller, 197 F.3d 644 (3d Cir. 1999), directing Jackson to decide whether to move forward with his petition as written or file one all-inclusive petition under § 2255.

On October 26, 2018, ten months after the appeal deadline, Jackson filed a pro se "Delayed Notice of Appeal," claiming that IAC caused the delay in filing. App. 1–5. Jackson claimed that he had asked his second trial counsel to appeal but that counsel never did so. The appeal was opened by this Court before the District Court could address Jackson's IAC claim under § 2255. Jackson's second trial counsel filed a motion

3

to withdraw. We granted the motion and appointed new counsel from the federal public defender's office.

The Government filed a motion asking us to dismiss the appeal as untimely or summarily affirm. We denied the motion. The parties then briefed the issues. The Government argues that Jackson's appeal is untimely under Federal Rule of Appellate Procedure 4(b) because Jackson filed it more than fourteen days after the entry of judgment. Jackson's new counsel filed an <u>Anders</u> brief and a motion to withdraw.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## III.

We first examine whether Jackson's appeal was timely under 28 U.S.C. § 2107(b) and Federal Rule of Appellate Procedure 4(b)(1)(A). Jackson had fourteen days from the entry of judgment to appeal his sentence. Fed. R. App. P. 4(b)(1)(A). "Rule 4(b)'s deadline is rigid," and "[u]pon proper invocation[,] . . . when a notice of appeal is filed out of time, we must dismiss the appeal." <u>Virgin Islands v. Martinez</u>, 620 F.3d 321, 328–29 (3d Cir. 2010). The Government may invoke Rule 4(b) "at any point up to and including in its merits brief." <u>United States v. Muhammud</u>, 701 F.3d 109, 111 (3d Cir. 2012). Jackson filed his "delayed notice of appeal" ten months after the entry of judgment, well beyond Rule 4(b)'s fourteen-day time limit. The Government properly invoked the rule in its merits brief. As a result, we will dismiss Jackson's appeal as untimely.

IV.

We next address counsel's motion to withdraw.[1] When counsel submits an

Anders brief along with a motion to withdraw, our inquiry is two-fold: (1) whether

counsel adequately fulfilled the requirements under this Court's Local Appellate Rule

109.2(a), which requires a brief identifying anything in the record that might support an

appeal; and (2) whether the Court's own "independent review of the record presents any

nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Where

an Anders brief is facially adequate, we confine our review to those parts of the record

identified by the brief. Id. at 301. The Court exercises plenary review over whether there

are any nonfrivolous issues. Simon v. Virgin Islands, 679 F.3d 109, 114 (3d Cir. 2012).

If there are no nonfrivolous issues, we will grant the motion to withdraw. See L.A.R.

109.2(a).

Jackson's counsel's Anders brief is facially adequate, so we confine our review to

those parts of the record identified by the brief. See Youla, 241 F.3d at 301. Counsel for

Jackson identified three issues that could be raised on appeal: (1) whether Jackson's

appellate waiver is valid and enforceable; (2) whether Jackson's first two lawyers

provided ineffective assistance of counsel; and (3) whether Jackson's sentence is

reasonable.

---

[1] Although we will dismiss Jackson's appeal as untimely under Federal Rule of
Appellate Procedure 4(b), that rule is not jurisdictional, see Muhammud, 701 F.3d at 111,
so we can still dispose of the motion.

A.

We review the enforceability of an appellate waiver by inquiring: (1) whether the waiver was "knowing and voluntary"; (2) whether one of the specific exceptions in the plea agreement allows appellate review of the issue presented by the defendant; and (3) "whether enforcing the waiver would work a miscarriage of justice." United States v. Goodson, 544 F.3d 529, 536 (3d Cir. 2008) (quoting United States v. Jackson, 523 F.3d 234, 243–44 (3d Cir. 2008)).

First, Jackson's plea and appellate waiver were knowing and voluntary. Before accepting the plea, the District Court held a hearing under Federal Rule of Criminal Procedure 11(b). The District Court placed Jackson under oath, confirmed that he understood the proceedings, explained Jackson's rights and the consequences of pleading guilty, and confirmed that Jackson read and understood the plea agreement, including the appellate waiver. There is no evidence in the record that Jackson did not understand the plea agreement or the appellate waiver.

Second, none of the three express exceptions to the appellate waiver apply.

Third, enforcing the waiver would not work a miscarriage of justice. In deciding whether that exception applies, we examine the following factors: the "clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001) (quoting United States v. Teeter, 257 F.3d 14, 25–26 (1st Cir. 2001)). The record reflects

6

that Jackson understood the consequences of his plea, sentence, and appellate waiver, and he was ultimately sentenced below the agreed Guidelines range.

## B.

Counsel for Jackson also identified IAC as a potential ground for appeal. We entertain IAC claims on direct review only where "the record is sufficient to allow determination of ineffective assistance of counsel" so that "an evidentiary hearing to develop the facts is not needed." United States v. McLaughlin, 386 F.3d 547, 556 (3d Cir. 2004) (quotation marks omitted). That is not the case here. The record is not sufficiently developed to allow for an IAC determination on direct review. However, Jackson may press his IAC claim and seek to develop the record in the District Court pursuant to § 2255.

## C.

Finally, Jackson's counsel points to procedural errors committed by the District Court at sentencing, and those errors' effect on the reasonableness of Jackson's sentence, as a potential ground for appeal. A district court must follow three procedural steps in sentencing: (1) calculate the correct Guidelines range, (2) rule on any departure motions, and (3) exercise its discretion by considering the relevant 18 U.S.C. § 3553(a) factors. United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006). "[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

7

Jackson bears the burden of proving that there was a procedural error. Id. at 567. Because he did not object to any procedural errors at the time of sentencing, we review only for plain error. See United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). Therefore, Jackson must establish that (1) there was an error, (2) the error was "clear or obvious," and (3) the error "affected the appellant's substantial rights." Puckett v. United States, 556 U.S. 129, 135 (2009). Finally, if all three are satisfied, "the court of appeals has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (quotation marks omitted).

Counsel for Jackson argues that the District Court (1) did not calculate the Guidelines range on the record and (2) "did not explain how the departure affected the Guidelines calculation or explicitly state whether it also granted a downward variance." Br. in Support of Mot. to Withdraw 39, 40. However, the Government and counsel for Jackson both agree that neither procedural error affected the outcome. So do we.

The District Court properly calculated the Guidelines range based on the stipulated weight of 12.7 grams of heroin, for a base level of 14, see U.S.S.G. § 2D1.1(c)(13), and applied the career offender enhancement based on Jackson's prior state-level drug convictions, see United States v. Glass, 904 F.3d 319, 324 (3d Cir. 2018) (holding that a conviction under 35 Pa. Cons. Stat. § 780-113(a)(30) "may serve as a predicate offense to a career-offender enhancement under [U.S.S.G.] § 4B1.1"). After a three-level reduction for acceptance of responsibility, the resulting offense level was 29, for a Guidelines range of 151 to 188 months of imprisonment. The record shows that Jackson's initial counsel

and his second counsel knew the applicable Guidelines range and that the parties agreed to that range. The District Court considered the § 3553(a) factors, and it imposed an 84-month sentence with three years of supervised release. Therefore, the purported error did not affect the outcome, and Jackson is not entitled to relief. See Puckett, 556 U.S. at 135. The District Court's failure to rule explicitly on the departure motion also had no impact on the outcome of the proceedings. The parties agreed to the applicable Guidelines range, and the District Court ultimately imposed a much lower sentence than that called for by the Guidelines.[2]

V.

For the foregoing reasons, we will dismiss the appeal as untimely and grant the motion to withdraw. We certify that the issues presented in the appeal lack legal merit and thus do not require the filing of a petition for writ of certiorari with the Supreme Court. Third Circuit L.A.R. 109.2(b).

---

[2] Regardless, the appellate waiver in Jackson's plea agreement precludes review of the reasonableness of the sentence. See Khattak, 273 F.3d at 563.