**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3138
_____

UNITED STATES OF AMERICA

v.

ABDUL KARIEM MUHAMMUD, a/k/a Gerald Rogers

Abdul Kariem Muhammud,
                                          Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT
COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 2-07-cr-00062-001)
District Judge:  Honorable Timothy J. Savage
_____

Submitted Under Third Circuit LAR 34.1(a)
September 13, 2012
_____

Before: SCIRICA, ROTH and BARRY, <u>Circuit Judges</u>

(Opinion Filed: September 28, 2012)
_____

Annette Verdesco, Esq.
Anthony Pope Law Firm
60 Park Place
Suite 703
Newark, NJ 07102
          *Counsel for Appellant*

Mary E. Crawley, Esq.
Anita D. Eve, Esq.
Catherine Votaw, Esq.
Office of United States Attorney
Suite 1250
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
      *Counsel for Appellee*

_____

OPINION OF THE COURT
_____

BARRY, *Circuit Judge*

      Abdul Kariem Muhammud pleaded guilty pursuant to a written plea agreement in which he waived his right to appeal or collaterally attack the judgment of conviction. Nevertheless, more than two years after he was sentenced, Muhammud filed a notice of appeal. The government, mistakenly believing that he was appealing the denial of his § 2255 petition, moved to enforce the waiver but failed to assert the untimeliness of what was an appeal from the judgment of conviction. We are presented with the following questions: (1) whether the government can initially raise untimeliness in its merits brief to us, or must do so beforehand by motion; (2) whether a court can raise untimeliness sua sponte when the government has failed to do so; and (3) whether, if the appeal is not dismissed as untimely, Muhammud has waived his right to appeal. Because the government properly raised untimeliness in its merits brief, we will dismiss the appeal and do not reach the other questions presented.

## I.    BACKGROUND

      Muhammud was charged in a superseding indictment

with conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846; possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On June 12, 2007, he pleaded guilty to all three counts pursuant to a written plea agreement that contained a waiver both of appeal and collateral attack of his conviction.[1] At the plea hearing, he acknowledged the waiver, and responded to the District Court's questions regarding the waiver. He was subsequently sentenced to 90 months' imprisonment, as stipulated in the plea agreement, and acknowledged at sentencing that his appellate rights were limited by the plea agreement. He did not file a notice of appeal within ten days of entry of the final judgment on June 27, 2008, as then required by Rule 4(b)(1)(A)(i).

Almost a year later, Muhammud filed a pro se motion under 28 U.S.C. § 2255, asserting several bases of ineffective assistance of counsel. He argued that his petition should be heard, despite the waiver, because his guilty plea had been coerced by his attorney and entered under duress. On August 19, 2009, the District Court granted the government's motion to enforce the waiver and dismiss the petition after concluding that Muhammud had knowingly and voluntarily waived his right to collaterally attack his conviction and that upholding the waiver would not result in a miscarriage of justice. On September 22, 2009, Muhammud filed, pro se, a notice of appeal with respect to the order dismissing the § 2255 petition. We remanded the matter to the District Court to determine whether a certificate of appealability ("COA") should issue. The District Court denied a COA. We then denied Muhammud's application to us for a COA, finding that jurists of reason would not debate the District Court's conclusion that he knowingly and voluntarily waived his right to collaterally attack his conviction.

On June 11, 2010, Muhammud filed a notice of appeal

---

[1] The waiver contains limited exceptions not applicable here.

from his judgment of conviction of two years earlier. The following month, the government moved to enforce the appellate waiver and for summary affirmance,[2] and the Clerk of the Court advised the parties of the timeliness issue. A motions panel referred the government's motion to the merits panel and directed that the parties also brief whether we may raise sua sponte the timeliness requirement of Fed. R. App. P. 4(b), an issue left open in *Gov't of the Virgin Islands v. Martinez*, 620 F.3d 321, 327 n.6 (3d Cir. 2010). The government now challenges this appeal as untimely and, failing that, as waived.

## II.   ANALYSIS

The time limit for filing a criminal appeal set forth in Rule 4(b) is rigid but not jurisdictional, and may be waived if not invoked by the government. *Martinez*, 620 F.3d at 328-29; *see also Bowles v. Russell*, 551 U.S. 205, 212 (2007). An untimely appeal must be dismissed, however, if the government objects. *Martinez*, 620 F.3d at 328-29.

Although we have not directly considered the issue, other courts of appeals have allowed the government to object to timeliness at any point up to and including in its merits brief. *See*, *e.g.*, *United States v. Watson*, 623 F.3d 542, 548 (8th Cir. 2010); *United States v. Lopez*, 562 F.3d 1309, 1313 (11th Cir. 2009); *United States v. Byfield*, 522 F.3d 400 (D.C. Cir. 2008); *United States v. Garduno*, 506 F.3d 1287, 1292 n.7 (10th Cir. 2007). We agree with that conclusion. Because the government invokes Rule 4(b) in its brief, we must—and will—dismiss this concededly untimely appeal.[3]

---

[2] The government maintains that it did not move to dismiss the appeal as untimely because it mistakenly believed Muhammud was again attempting to appeal the order dismissing his § 2255 petition.

[3] Although, given this conclusion, we need not reach the remaining questions, we note that, albeit in dicta, we have also agreed with other courts of appeals that a court may sua sponte raise untimeliness under Rule 4, *see Long v. Atlantic City Police Dep't*, 670 F.3d 436, 445 n.18 (3d Cir. 2012);

One final note. Although an objection to timeliness can be raised by the government in its brief, the government is strongly encouraged to file a motion to dismiss a criminal appeal as untimely at the outset of an appeal before the filing of the appellant's brief. Early identification of untimely criminal appeals saves both the government and CJA counsel the time and the costs associated with unnecessary transcript preparation, motions for extensions of time, and the preparation of and filing of full briefs.

## III. CONCLUSION

We will dismiss the appeal as untimely.

---

*United States v. Gaytan-Garza*, 652 F.3d 680, 681 (6th Cir. 2011) (dismissing four-year old appeal sua sponte); *United States v. Mitchell*, 518 F.3d 740, 750-51 (10th Cir. 2008), and have already found, in the context of his collateral attack, that the waiver Muhammud acknowledged was knowing and voluntary. Enforcing that waiver would not work a miscarriage of justice. *United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008).