BLD-156                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3824
_____

UNITED STATES OF AMERICA

v.

MARC GILL,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 09-cr-00151)
District Judge: Honorable Peter G. Sheridan
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
January 16, 2014

Before: AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: January 24, 2014)
_____

OPINION
_____

PER CURIAM

Appellant Marc Gill appeals from an order of the District Court denying his

motion to modify sentence, 18 U.S.C. § 3582(c)(2). For the reasons that follow, we will

dismiss this untimely appeal for lack of appellate jurisdiction.

Gill pleaded guilty in 2009 in the United States District Court for the District of New Jersey to possession with intent to deliver crack cocaine, in violation of 21 U.S.C. § 841(a). With a total offense level of 34 and a criminal history category of VI, Gill's advisory Guidelines imprisonment range was 262–327 months. At sentencing, the District Court found that Gill was a career offender. In anticipation of upcoming amendments to the Guidelines, the District Court then applied the career offender Guidelines that would have applied had Gill's offense involved powder cocaine. The adjusted Guidelines range was 151–188 months, and, on May 18, 2010, the District Court sentenced Gill to a term of imprisonment of 162 months. Gill did not appeal the criminal judgment.

Subsequently, the U.S. Sentencing Commission promulgated Amendment 750, which lowered the base offense levels for crack cocaine. After the Commission made Amendment 750 retroactive, Gill moved under 18 U.S.C. § 3582(c)(2) for a reduction of sentence. In an order entered on June 4, 2013, the District Court denied the motion.

Apparently, Gill did not timely receive a copy of the District Court's order denying his section 3582(c)(2) motion. On or about July 2, 2013, Gill wrote to the District Court to inquire about the status of his motion. After finally receiving a copy of the order denying his motion (on July 23, 2013), Gill moved on August 1, 2013, for an extension of time in which to file a notice of appeal. In that motion, he speculated that the District Court Clerk's Office had mailed a copy of the order denying his motion to his former counsel when it was first issued; if so, counsel had not passed the order on to him.

The District Court granted Gill's motion to extend the time to appeal, and then, on August 16, 2013, Gill filed his notice of appeal.

Our Clerk advised the parties that we might act summarily to dispose of the appeal pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6, and invited responses. The Government submitted a response, in which it moved to dismiss the appeal for lack of appellate jurisdiction as untimely filed, invoking Federal Rule of Appellate Procedure 4(b)'s "rigid" deadline.

We will dismiss the appeal for lack of appellate jurisdiction because it was not timely filed. The time limit for filing a criminal appeal set forth in Rule 4(b) is rigid but not jurisdictional; it may be waived if not invoked by the Government. See Bowles v. Russell, 551 U.S. 205, 212 (2007). An untimely appeal must be dismissed, however, if the Government objects. Gov't of the Virgin Islands v. Martinez, 620 F.3d 321, 328-29 (3d Cir. 2010). In United States v. Muhammud, 701 F.3d 109 (3d Cir. 2012), we held that the Government may object to timeliness "at any point up to and including in its merits brief." Id. at 111. Here, the Government has objected in its summary action response and invoked Rule 4(b). Therefore, we must dismiss the appeal if it is indeed untimely.

We conclude that the appeal is untimely filed. Under Rule 4(b), Gill had 14 days to appeal from June 4, 2013, the date when final judgment on his section 3582(c)(2) motion was entered. Fed. R. App. P. 4(b)(1)(A)(i). Gill did not file his notice of appeal until 73 days following entry of that order. Accordingly, it was untimely filed unless Gill was entitled to an extension. Under Rule 4(b)(4), "[u]pon a finding of excusable neglect

3

or good cause, the district court may -- before or after the time [to appeal] has expired, with or without motion and notice -- extend the time to file a notice of appeal *for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)*. Fed. R. App. Pro. 4(b)(4) (emphasis added). Accordingly, the District Court had no authority to extend Rule 4(b)(1)(A)'s time limit by more than 30 days beyond the original deadline. This 30-day period expired on July 18, 2013, nearly a month before Gill filed his notice of appeal.

We note that Gill sent a letter to the District Court in early July 2013, and thus before the maximum 30-day extension period expired. The letter does not qualify as a notice of appeal. Gill simply asked about the status of his case; he did not indicate an intent to appeal any judgment or otherwise comply with Rule 3, Fed. R. App. Pro. 3(c)(1)(A)-(C). A status request is not the equivalent of a notice of appeal. In addition, the District Court's alleged failure to notify Gill of the denial of his section 3582(c)(2) motion does not excuse his untimely appeal. Where, as here, Rule 4(b) does not "provid[e] otherwise, the clerk's failure to give notice does not affect the time to appeal, or relieve—or authorize the court to relieve—a party's failure to appeal within the allowed time." Fed. R. Crim. Pro. 49(c). Cf. Baker v. United States, 670 F.3d 448, 461 (3d Cir. 2012) ("[W]here . . . the delay is caused by the clerk's office, the rule of *Fiorelli* and *Grana* does not apply").[1]

---

[1] In any event, Gill's section 3582(c)(2) motion certainly appears to lack merit. A "defendant may be eligible for a reduction of sentence if the sentence was 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission' and if 'a reduction is consistent with applicable policy statements issued by the Sentencing

For the foregoing reasons, we will dismiss the appeal for lack of appellate jurisdiction as untimely filed.

---

Commission.'" United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013) (quoting 18 U.S.C. § 3582(c)(2)). The applicable Guidelines range for a defendant like Gill is the range calculated pursuant to the career offender guideline, U.S.S.G. § 4B1.1, and not the range calculated after applying any departure or variance. Flemming, 723 F.3d at 412. Gill's section 3582(c)(2) motion lacked merit, at a minimum, because Amendment 750 did not reduce Gill's career offender guideline range. See id. at 413.