ALD-263                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1172
_____

UNITED STATES OF AMERICA

v.

BRENT JENKINS,
                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 4-10-cr-00319-008)
District Judge:  Honorable John E. Jones, III
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 19, 2014

Before: RENDELL, FISHER and GREENAWAY, JR., Circuit Judges

(Opinion filed:  June 30, 2014)
_____

OPINION
_____

PER CURIAM

       Brent Jenkins pleaded guilty in this matter to one count of conspiring to distribute

crack cocaine in violation of 21 U.S.C. § 846, and the District Court sentenced him to 60

months of imprisonment to be followed by three years of supervised release.  Jenkins's

conduct also constituted a violation of the terms of supervised release imposed following his prior guilty plea to another controlled substance offense in M.D. Pa. Crim. No. 4-09-cr-00231 (the "2009 proceeding"). In the 2009 proceeding, the District Court held a supervised release revocation hearing and sentenced Jenkins to two years in prison on February 20, 2014. The District Court also specified that its sentence was consecutive to the prison sentence imposed in the instant proceeding. Jenkins has not appealed or otherwise sought relief from that judgment in the 2009 proceeding.

At issue here is a motion that Jenkins filed in the instant proceeding before the District Court revoked his supervised release in the 2009 proceeding. Jenkins captioned his motion as one to waive a probation[1] revocation hearing pursuant to Rule 32.1(b)(2) of the Federal Rules of Criminal Procedure. He did not specifically refer to his 2009 proceeding, and the nature of his motion is not entirely clear, but he requested that the District Court waive a supervised release revocation hearing and instead vacate his prior term of supervised release or make his sentence for violating the terms of supervised release concurrent to his current prison sentence. He also complained of delays in the holding of a supervised release revocation hearing and asserted that his supervised release violation acted as a detainer rendering him ineligible for certain prison programs. The District Court read Jenkins's motion as a challenge to the term of supervised release imposed in the instant proceeding and denied it as premature because Jenkins is still

---

[1] Jenkins uses the terms "probation" and "supervised release" interchangeably, but we will use the term "supervised release."

serving his prison sentence. Jenkins appealed and, for the first time in his notice of appeal, specified that his challenge was based on his violation of the terms of the supervised release imposed in his 2009 proceeding. Jenkins filed his notice of appeal before the District Court revoked his supervised release in the 2009 proceeding, and he has not filed anything in support of his appeal since that development or otherwise.

We will affirm.[2] To the extent that Jenkins sought relief premised on a supervised release revocation hearing to be held in his 2009 proceeding, his request is moot because the hearing has been conducted. To the extent that Jenkins addressed his motion to the supervised release imposed in the instant proceeding, his motion states no discernible basis for relief. Jenkins relies on Rule 32.1(b)(2), but that rule merely permits a defendant to waive a supervised release revocation hearing. Such a hearing was conducted and has concluded in Jenkins's 2009 proceeding, the results of which Jenkins has not appealed, and there is no indication that Jenkins presently faces revocation of the term of supervised release imposed in the instant proceeding. For these reasons, we will affirm the judgment of the District Court.

---

[2] Jenkins's appeal is timely under the deadline applicable to appeals in civil cases but not the deadline applicable in criminal cases. See Fed. R. App. P. 4(a)(1)(B)(i), 4(b)(1)(A). We need not determine which deadline applies because the deadline applicable in criminal cases is not jurisdictional and the Government has not sought to enforce it. See United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012).