**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2623
_____

UNITED STATES OF AMERICA

v.

PAUL BAUER,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-06-cr-165-001)
District Judge:  Honorable Petrese B. Tucker
_____

Submitted Under Third Circuit LAR 34.1(a)
January 22, 2015

Before:   RENDELL, SMITH, and KRAUSE, *Circuit Judges.*

(Filed February 3, 2015)
_____

OPINION[*]
_____

KRAUSE, *Circuit Judge*.

Paul Bauer appeals the judgment of the District Court sentencing him to thirty-six

months' imprisonment.  His attorney has moved to withdraw under *Anders v. California*,

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

arguing that Bauer's appeal has no merit.[1]  We will grant the motion to withdraw, and as the government urges in its merits brief, will dismiss the appeal as untimely filed.[2]

Bauer had fourteen days to appeal his judgment.[3]  Because he was incarcerated at the time, he benefits from the prisoner mailbox rule, which allows his appeal to be considered docketed once it is placed in the institution's internal mail system.[4]  Because Bauer's judgment was entered on May 9, 2013, he was required to deposit his appeal no later than May 23, 2013.  His appeal was not deposited, however, until May 28, 2013.

As we have noted, "Rule 4(b)'s deadline is rigid."[5]  The rule is not jurisdictional, but "upon proper invocation[,] . . . when a notice of appeal is filed out of time, we must dismiss the appeal."[6]  While the Government should seek to have an untimely appeal dismissed as early as possible, it may object "at any point up to and including in its merits brief," and where, as here, the Government invokes Rule 4(b) in its merits brief, "we must—and will—dismiss [a] concededly untimely appeal."[7]  Moreover, while a party may move for the District Court to extend the appeal deadline by thirty days for good

---

[1] 386 U.S. 738 (1967).

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[3] Fed. R. App. P. 4(b)(1)(A).

[4] Fed. R. App. P. 4(c).

[5] *Virgin Islands v. Martinez*, 620 F.3d 321, 328 (3d Cir. 2010).

[6] *Id.* at 328-29.

[7] *United States v. Muhammud*, 701 F.3d 109, 111 (3d Cir. 2012).

cause or excusable neglect, Bauer did not do so, and the record before us, in any event, does not demonstrate that good cause exists.

Accordingly, we will grant Bauer's attorney's motion to withdraw and dismiss Bauer's appeal.[8]

---

[8] Because we dismiss this action as untimely filed, we will also deny as moot Bauer's motion for appointment of new counsel and for a stay of this proceeding.