CLD-037                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1975
_____

UNITED STATES OF AMERICA

v.

SHAWN PRIM,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 5-17-cr-00078-001)
District Judge:  Honorable Joseph F. Leeson, Jr.
_____

Submitted on Appellee's Motion for Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
December 2, 2021

Before:  AMBRO, SHWARTZ and BIBAS, Circuit Judges

(Opinion filed: December 7, 2021)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Shawn Prim, a prisoner at FCI-Hazelton, appeals from the District Court's order denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The Government has filed a motion for summary affirmance. For the following reasons, we will grant the motion and summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In August 2017, Prim pleaded guilty to theft of firearms and aiding and abetting, in violation of 18 U.S.C. §§ 922(u) and 2; possession of stolen firearms and aiding and abetting, in violation of 18 U.S.C. §§ 922(j) and 2; and possession of a firearm subsequent to sustaining a felony conviction in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 188 months' imprisonment. On direct appeal, we granted the Government's motion to enforce the appellate waiver in the plea agreement and to summarily affirm the judgment of conviction and sentence. See C.A. No. 18-1836, Order entered July 12, 2018.

In March 2021, Prim filed an "emergency" motion for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the § 601(b) of the First Step Act, which authorizes criminal defendants to seek reductions of their sentences by demonstrating "extraordinary and compelling" circumstances.[1] Prim argued that he suffers from asthma, hypertension, and obesity, which make him vulnerable to serious illness or death from COVID-19. Prim also argued, inter alia, that consideration of the

_____

[1] Prim had previously filed a § 3582 motion, which was dismissed for failure to exhaust administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). See ECF No. 76. The present motion was filed after Prim satisfied the exhaustion requirement.

sentencing factors outlined in 18 U.S.C. § 3553(a) weighed in favor of release, particularly in light of his rehabilitation while in prison.[2]

The Government conceded that Prim's obesity – a condition which the CDC recognizes puts individuals at increased risk because of COVID-19 – made him eligible for consideration for compassionate release. The District Court found, however, that Prim posed a danger to the community, and that the § 3553 factors weighed against his release. It therefore denied the § 3582 motion. Prim appealed, and the Government seeks summary affirmance.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[3] We review a district court's decision to deny a motion for compassionate release for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a

_____

[2] Those sentencing factors require the courts to consider, inter alia, the nature and circumstances of the offense and the history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public from future crimes by the defendant, and avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a).

[3] Prim's notice of appeal was untimely as it was filed outside the 14-day period provided by Fed. R. App. P. 4(b)(1)(A). See United States v. Espinosa-Talamantes, 319 F.3d 1245, 1246 (10th Cir. 2003) (holding that a § 3582(c)(2) motion is considered a continuation of the criminal proceedings). Nonetheless, we will not dismiss the appeal on this basis because the fourteen-day period for filing a notice of appeal in a criminal case is non-jurisdictional, see Virgin Islands v. Martinez, 620 F.3d 321, 328-29 (3d Cir. 2010), and the Government has failed to invoke Fed. R. App. P. 4(b). Id. at 329; see also United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012).

clear error of judgment in the conclusion it reached." Id. (quotation marks and citation omitted).

We agree with the Government that the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. As the Government notes, Prim fails to advance any argument in his appellate brief indicating that the District Court abused its discretion. Rather, he solely challenges the District Court's judgment of sentence, arguing, in part, that the appellate waiver in his plea agreement should not be enforced. The issues he raises were the subject of his direct criminal appeal and are not implicated by our limited inquiry here. He has therefore failed to preserve any issues for appeal. See generally Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145-46 (3d Cir. 2017) (noting that "we have consistently refused to consider ill-developed arguments or those not properly raised and discussed in the appellate briefing"); see also Spiegel v. Cont'l Ill. Nat'l Bank, 790 F.2d 638, 650 (7th Cir. 1986) (recognizing that "[a] brief . . . that fails to clearly and cogently present arguments for overturning the district court decision is of little or no help to this court and causes us to doubt whether the appellant prosecuted the appeal with any reasonable expectation of altering the judgment of the district court").

In any event, the District Court did not abuse its discretion in denying the motion for compassionate release. Although it erred to the extent that it indicated that it was bound to consider whether Prim posed a danger to the community, see United States v. Andrews, 12 F.4th 255, 259 & n.4 (3d Cir. 2021) (holding that the "policy statement is not applicable – and not binding – for courts considering prisoner-initiated [§ 3582]

4

motions"), the motion could be denied on the basis of its assessment of the § 3553(a) factors alone.  See United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021).  The District Court properly emphasized the serious nature of Prim's offenses, his recidivist nature, and the need to deter future criminal conduct.  In particular, it noted that Prim has been committing crimes "his entire adult life," and that his latest offenses, which were committed within three weeks of his release from prison, were "serious, dangerous, and offensive to the safety of the community."  ECF No. 87 at 10.  The record therefore supports its conclusion that the sentencing factors did not weigh in favor of compassionate release.

Based on the foregoing, we grant the Government's motion and will summarily affirm the District Court's judgment.