CLD-046                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3609
_____

UNITED STATES OF AMERICA

v.

REMY AUGUSTIN,

Appellant

_____

On Appeal from the District Court of the Virgin Islands
(D.V.I. Criminal No. 1:00-cr-00004-002)
District Judge:  Honorable Wilma A. Lewis

_____

Submitted for Possible Dismissal Due to Lack of Timely Filing or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 16, 2021

Before:  AMBRO, SHWARTZ and BIBAS, <u>Circuit Judges</u>

(Opinion filed: December 20, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Remy Augustin appeals pro se from the District Court's denial of his motion for compassionate release. For the reasons that follow, we will summarily affirm the District Court's judgment.

In 2001, Augustin was sentenced to a term of 421 months' imprisonment after he was convicted of Hobbs Act robbery and related offenses, including a conviction under 18 U.S.C. § 924(c), in the District Court of the Virgin Islands. In 2020, Augustin filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The District Court denied Augustin's motion, concluding that he had not established any extraordinary and compelling reason for release. Augustin has appealed.

We have jurisdiction under 28 U.S.C. § 1291.[1] We review the District Court's order for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "Courts wield considerable discretion in compassionate-release cases, and we will not disturb a court's determination unless we are left with a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." United States v. Andrews, 12 F.4th 255, 262 (3d Cir. 2021) (internal citation and quotation marks omitted).

We will affirm the District Court's decision. The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of

---

[1] We note that Augustin's initial notice of appeal appeared to be untimely filed, but the District Court granted him an extension of time to file his notice of appeal. The Government does not assert that Augustin's notice of appeal was untimely filed. See United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012).

probation or supervised release" if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

Augustin first argued that compassionate release was warranted because the enhanced penalty for his § 924(c) conviction would not have been triggered if the First Step Act had been in effect when he was sentenced. However, as Augustin acknowledges, the changes to § 924(c) under the First Step Act are inapplicable to his sentence under the Act's explicit retroactivity limitations. We have concluded that "[t]he nonretroactive changes to the § 924(c) mandatory minimums . . . cannot be a basis for compassionate release" because "Congress specifically decided that the changes to the § 924(c) mandatory minimums would not apply to people who had already been sentenced." See Andrews, 12 F.4th at 261.

Augustin also argued that his youth and age, as well as his efforts to rehabilitate himself in prison, constituted extraordinary and compelling reasons for release. However, the District Court appropriately noted that Augustin's youth and age were already considered at sentencing, in the context of his commission of a series of violent offenses over the course of 10 days, and that Augustin's criminal record did not suggest an isolated incident of poor judgment by a young person. We see no abuse of discretion in the District Court's conclusion that Augustin's efforts at rehabilitation alone were not an extraordinary and compelling reason for release. See id. at 262. Accordingly, we will

3

summarily affirm the District Court's judgment.[2]

---

[2] Appellee's motion to stay the appeal is denied as moot.