**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 21-1181

————————

UNITED STATES OF AMERICA

v.

JIMMY JIVENS,

Appellant

————————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-17-cr-00350-001)
District Judge: Honorable Christopher C. Conner

————————

Submitted Under Third Circuit L.A.R. 34.1(a)
January 11, 2022

Before: AMBRO, BIBAS, and ROTH, Circuit Judges

(Opinion filed: January 28, 2022)

————————

**OPINION**[*]

————————

AMBRO, Circuit Judge

     Federal inmate Jimmy Jivens is serving a 168-month sentence for drug and firearm

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

offenses. He is 46 years old and suffers from many medical conditions, including end-stage renal disease. Fearing the serious health risks posed by the COVID-19 pandemic, Jivens sought compassionate release. The District Court denied his motion and he appeals. For the following reasons, we affirm.[1]

I.

Jivens was on parole when police and parole agents searched his home and found crack cocaine, a rifle, a revolver, two gun magazines, ammunition, and materials for packaging drugs. He pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and possession of firearms in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c). Though his career-offender status warranted a Sentencing Guidelines range of 262 to 327 months, the District Court varied much below that range and sentenced Jivens to 168 months' imprisonment. He is projected to be released in 2029.

With COVID-19 raging through the nation's jails and prisons, Jivens moved to have his sentence reduced under the compassionate-release statute, 18 U.S.C. § 3582(c)(1)(A). The District Court acknowledged that Jivens' medical risks would justify relief. It noted the "end-stage renal disease increases his risk of severe illness were he to contract the COVID-19 virus," and that his facility—Devens Federal Medical Center—was then suffering a COVID-19 outbreak. App. 6. It nonetheless denied Jivens' motion,

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. Although Jivens filed his notice of appeal outside the 14-day window provided by Federal Rule of Appellate Procedure 4(b)(1)(A), the Government waived its timeliness objection, and we thus consider Jivens' appeal on the merits. *See United States v. Muhammud*, 701 F.3d 109, 111 (3d Cir. 2012).

concluding that the 18 U.S.C. § 3553(a) sentencing factors weighed against a sentence reduction.

## II.

A district court may reduce a federal inmate's sentence if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). But before doing so, the court must decide whether a sentence reduction would be appropriate under the relevant § 3553(a) factors. *Id.* § 3582(c)(1)(A); *United States v. Pawlowski*, 967 F.3d 327, 329–30 (3d Cir. 2020). They include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and protect the public from future crimes by the defendant. *See* 18 U.S.C. § 3553(a)(1)–(7).

A district court's balancing of these factors we review for abuse of discretion. *Pawlowski*, 967 F.3d at 330. This means "we will not disturb [its] decision 'unless there is a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" *Id.* (quoting *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000)).

The District Court here considered Jivens' medical risks as well as his efforts to rehabilitate himself while incarcerated. But it held these mitigating factors outweighed by the nature and circumstances of his drug and gun convictions, his risk of recidivism, his long criminal history, and that he had served less than a third of a greatly reduced 168-month sentence (94 months below the bottom of the Guidelines range). We see no clear error in that judgment. As the Court noted, Jivens has several serious drug-related

3

convictions, the last of which involved conduct committed while he was on parole and suffering from renal disease. The Court also properly considered the amount of time remaining on Jivens' sentence, which is substantial. *See id.* at 330–31 (courts do not abuse their discretion by considering the time left on an inmate's sentence when weighing the § 3553(a) factors). It did not abuse its discretion in denying Jivens a sentence reduction,[2] and we thus affirm.

---

[2] Jivens argues that, even if he was not entitled to immediate release, the District Court erred by not granting him a sentence reduction "of *some* length." Jivens Br. 9. But he only asked the District Court for a time-served sentence, which makes sense given that his motion was largely premised on the exigencies of the COVID-19 pandemic. Because Jivens did not raise this option before the District Court, we do not consider it on appeal. *See Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 249 (3d Cir. 2013) ("We generally refuse to consider issues that the parties have not raised below.").

4