**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2840

_____

UNITED STATES OF AMERICA

v.

AMIN A. RASHID,
                              Appellant

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(District Court No. 2-08-cr-00493-001)
District Judge:  Hon. Cynthia M. Rufe

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 6, 2023
_____

Before:  CHAGARES, Chief Judge, SCIRICA and RENDELL, Circuit Judges

(Filed February 8, 2023)
_____

OPINION[*]
_____

CHAGARES, Chief Judge.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Federal prisoner Amin Rashid sought compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The District Court denied Rashid's motion and subsequent request for reconsideration. For the reasons that follow, we will affirm the District Court's orders.

I.[1]

Rashid moved <u>pro</u> <u>se</u> for compassionate release based on his ailing sister, personal health risks resulting from the COVID-19 pandemic, and a wrongful conviction claim. The District Court denied relief. It concluded that Rashid had administratively exhausted only his request concerning his sister, which was not an extraordinary and compelling reason for compassionate release.[2]

Rashid moved for reconsideration. He abandoned the personal and sibling health-related claims, reiterated his wrongful conviction claim, and added a challenge to his sentence. The District Court denied reconsideration. Rashid appealed.[3]

---

[1] Because we write for the parties, we recite only facts pertinent to our decision.

[2] The District Court observed that Rashid's wrongful conviction claims had been repeatedly rejected. Indeed, based on a lengthy history of vexatious filings, Rashid is subject to an order limiting his ability to file motions attempting to re-litigate issues previously decided by the District Court. That order is not before the Court in this appeal.

[3] An appeal in a criminal case must be filed within fourteen days of the order being appealed. Fed. R. App. P. 4(b)(1)(A)(i). Rashid's notice of appeal was filed within fourteen days of the order denying the motion for reconsideration but not the order denying compassionate release. A motion for reconsideration is not listed in Fed. R. App. P. 4(b)(3) as extending the time to appeal the underlying order. The time limit for filing a criminal appeal is rigid but not jurisdictional, however. <u>See</u> <u>United States v. Muhammud</u>, 701 F.3d 109, 111 (3d Cir. 2012). The Government did not invoke the time limit here (and indeed has conceded timeliness). We therefore will consider both orders. We note, however, that while the substance of Rashid's <u>pro</u> <u>se</u> brief concerns his request for compassionate release, he states that he "seeks to appeal only the order denying his motion for reconsideration." Rashid Br. 1, n.2.

2

## II.[4]

### A.

A District Court may grant compassionate release if a sentence reduction is warranted for "extraordinary and compelling reasons" and, if so, if a reduction is "consistent with applicable policy statements issued by the Sentencing Commission" and "supported by the traditional sentencing factors under 18 U.S.C. § 3553(a)," as applicable. United States v. Andrews, 12 F.4th 255, 258 (3d Cir. 2021). District Courts "wield considerable discretion" in this determination. Id. at 262. We review the denial of compassionate release for abuse of discretion and will not disturb the determination unless we are left with a definite and firm conviction that the District Court committed a clear error of judgment. Id. at 259.

The District Court correctly concluded that Rashid failed to exhaust administrative remedies for all claims apart from the request to care for his sister. As to that request, the District Court determined that the Sentencing Commission did not identify sibling care as an "extraordinary and compelling" reason for compassionate release and that "Rashid has not otherwise shown that release is warranted." Appendix ("App.") 21.

We see no abuse of discretion. Although the District Court was not bound by the Sentencing Commission's guidance, it was free to consider it. See Andrews, 12 F.4th at 259–60. Rashid also did not "otherwise show[]" that his sister's health gives rise to an "extraordinary and compelling" need for compassionate release. App. 21. Rashid had

---

[4] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291. United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021).

the burden to establish his entitlement to relief.  See United States v. Jones, 17 F.4th 371, 375 (2d Cir. 2021) (per curiam).  He merely stated, without support, that his sister suffers health issues, including emphysema.  He did not show that his assistance with her care is required or, indeed, that his release would impact her care at all.  On this sparse record, we are not left with a definite and firm conviction that the District Court erred.

Rashid does not meaningfully address on appeal the claim concerning his sister's care.  He instead argues that it was an abuse of discretion for the District Court to decline to consider whether purported errors in his conviction and sentence qualify, along with sibling care, as "extraordinary and compelling" reasons for relief.  The District Court correctly declined to consider these claims.  Rashid's failure to exhaust administrative remedies barred the District Court from addressing them.  See United States v. Raia, 954 F.3d 594, 596–97 (3d Cir. 2020).

B.

A District Court may grant reconsideration if a party establishes an intervening change in law, new evidence, or a clear error of law or fact.  Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  We review the denial of reconsideration for abuse of discretion.  Long v. Atlantic City Police Dep't, 670 F.3d 436, 446 (3d Cir. 2012).

Rashid failed to satisfy the standard for reconsideration, instead reiterating his unexhausted challenges to his conviction and sentence.  The District Court therefore did not abuse its discretion in denying the motion.

## III.

For the foregoing reasons, we will affirm the District Court's orders denying

compassionate release and reconsideration.[5]

---

[5] Rashid filed a motion requesting a stay pending our Court's decision in United States v. Banks, Nos. 19-3812 and 20-2235. That decision was entered on November 30, 2022, and is the subject of one of Rashid's subsequently-filed letters pursuant to Fed. R. App. P. 28(j). The motion to stay is therefore denied as unnecessary. It is apparent from Rashid's Rule 28(j) letter that he wishes to employ our decision in Banks to raise entirely new grounds for compassionate release. Because these arguments were not raised in the original motion for compassionate release, we will not consider them in the first instance here. See Raia, 954 F.3d at 596 (holding that a motion under § 3582 must be presented to the sentencing court in the first instance).