CLD-043                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2382
_____

UNITED STATES OF AMERICA

v.

CHARLES EUGENE NOLDEN,
also known as Cali,
                                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. Action No. 1:18-cr-00048-001)
District Judge:  Honorable Jennifer P. Wilson

_____

Submitted for Possible Dismissal Due to an Untimely Filed Notice of Appeal
and on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 1, 2022

Before: GREENAWAY, JR., MATEY, and FREEMAN, Circuit Judges

(Opinion filed: February 10, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Charles Eugene Nolden appeals pro se from an order of the United States District Court for the Middle District of Pennsylvania denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has filed a motion for summary affirmance. For the following reasons, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2021, Nolden pleaded guilty to firearm possession offenses pursuant to an agreement under Federal Rules of Criminal Procedure 11(c)(1)(C). Nolden and the Government agreed to a sentence of 14 years of imprisonment. (ECF 90, at 12.) In May 2022, Nolden filed a pro se motion for compassionate release pursuant to § 3582(c)(1)(A)(i), alleging that he suffers from atrial fibrillation and pulmonary fibrosis. (ECF 124.) The Government opposed the motion. (ECF 127.) The District Court denied Nolden's motion, holding, in relevant part, that, even if Nolden's medical conditions presented an extraordinary and compelling reason for release, the factors under 18 U.S.C. § 3553(a) did not support relief. (ECF 132.) Nolden appealed.[1] (ECF 134.) The

---

[1] Although Nolden's notice of appeal was filed more than 14 days after entry of the District Court's order, the Government has not invoked the time limit of Federal Rule of Appellate Procedure 4(b). Accordingly, we will not dismiss this appeal as untimely filed. United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012) (stating that the time limit in Rule 4(b) is "not jurisdictional, and may be waived if not invoked by the government").

Government has filed a motion for summary affirmance (Doc. 9), which Nolden opposes.[2] (Doc. 11.)

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for abuse of discretion. See United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached." United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (quotation marks and citation omitted). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

The compassionate release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)-(C).

---

[2] Nolden's motion to extend the time to file that response is granted. (Doc. 10.)

The District Court appropriately emphasized that Nolden has an "extensive criminal history" and that the underlying offenses were "quite serious (possession of a firearm by a felon and possession of a firearm in furtherance of drug trafficking)." (ECF 132, at 4.) In addition, Nolden committed the underlying offense while on supervised release from a prior firearms conviction. (Doc. 9, at 3-4.) Furthermore, the District Court reasonably considered that Nolden had not yet served "a substantial amount" of his 14 year sentence. (ECF 132, at 4); Pawlowski, 967 F.3d at 331 (indicating that the time remaining on the prisoner's sentence is a relevant consideration in determining whether the § 3553(a) factors support a grant of compassionate release). Furthermore, the District Court pointed out that Nolden's "sentence already reflects a Rule 11(c)(1)(C) agreement whereby the parties agreed to this sentence versus the potential guideline sentence of 262 months." (ECF 132, at 4); United States v. Ruffin, 978 F.3d 1000, 1008 (6th Cir. 2020) (noting that sentence reduction was not warranted where, among other factors, "the court had already varied downward by five years from Ruffin's guidelines range when imposing [a] lengthy sentence"). In light of these considerations, we conclude that the District Court did not commit "a clear error of judgment" in denying Nolden's compassionate release motions. See Pawlowski, 967 F.3d at 330.

Based on the foregoing, we agree with the Government that the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment.