BLD-169                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1811
_____

UNITED STATES OF AMERICA

v.

RANDY TAPIA,
                                          Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:12-cr-00261-001)
Chief District Judge:  Honorable Juan R. Sanchez
_____

Submitted for Possible Dismissal Due to an Untimely Filed Notice of Appeal
and on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 29, 2023
Before:  KRAUSE, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: July 18, 2023)
_____

OPINION[*]
_____

**PER CURIAM**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Randy Tapia, currently serving a sentence at Coleman USP in Florida, appeals pro se from the District Court's order denying his motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government has filed a motion for summary affirmance. For the reasons that follow, we grant the Government's motion and will summarily affirm.

In 2015, Tapia pleaded guilty to one count of conspiracy to distribute methamphetamine, cocaine, and marijuana, in violation of 21 U.S.C. § 846, and one count of distributing methamphetamine in a school zone, in violation of 21 U.S.C. § 860(a). He was sentenced to 240 months of imprisonment, ten years of supervised release, and a $3,000 fine. Tapia filed a pro se notice of appeal to challenge his sentence but, after we appointed counsel to represent him, he voluntarily withdrew the appeal. See United States v. Tapia, C.A. No. 15-2519 (3d Cir. Jan. 7, 2016) (order granting voluntary dismissal pursuant to Fed. R. App. P. 42(b)).

Tapia filed a pro se motion for a reduction of sentence and compassionate release pursuant to 18 U.S.C. § 3582(c) in April 2022, arguing that: he has a serious medical condition; he has served over ten years of his sentence; his sentence would be lower if it had been imposed after passage of the First Step Act; and he has conducted himself well in prison and would not be a danger to the community if released. See ECF No. 195 at 15–25. After the Government filed a response in opposition, the District Court denied the motion, holding that Tapia had not made the requisite showing of extraordinary and compelling reasons qualifying him for compassionate release and that the sentencing

2

factors in 18 U.S.C. § 3553(a) counseled against such relief. Tapia appeals. The Government has moved for summary affirmance of the District Court's order.[1]

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order denying the motion under § 3582 for an abuse of discretion and will not disturb that decision unless the District Court committed a clear error of judgment. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm a district court's order if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

A district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting such relief, a district court must consider the sentencing factors in § 3553(a).[2] See § 3582(c)(1)(A); see

---

[1] A motion for compassionate release is considered a continuation of the criminal proceedings, so the denial of such a motion must be appealed within 14 days. See Fed. R. App. P. 4(b)(1)(A); United States v. Payton, 979 F.3d 388, 389–90 (6th Cir. 2020). The time limit in Rule 4(b) is "not jurisdictional, and may be waived if not invoked by the government." United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012). Here, although Tapia filed his notice of appeal more than 14 days after entry of the order denying his motion, the Government has affirmatively waived any objection to timeliness in its motion for summary affirmance, "recognizing that mail is occasionally delayed at the present time." CA3 ECF No. 4 at 1–2 n.1. Accordingly, we decline to dismiss this appeal as untimely.

[2] Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)-(C).

also Pawlowski, 967 F.3d at 330; United States v. Jones, 980 F.3d 1098, 1102 (6th Cir. 2020) (finding no abuse of discretion where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed . . . but that the § 3553(a) factors counseled against granting compassionate release").

Here, Tapia has not filed any documents in support of his appeal or in opposition to the Government's motion for summary affirmance. While his motion in the District Court focused on presenting qualifying "extraordinary and compelling reasons" for release, he has not presented any argument on the independently dispositive question of whether the District Court abused its discretion in weighing the sentencing factors. Moreover, Tapia has not challenged the District Court's conclusions about his disciplinary record while incarcerated. See Dist. Ct. Mem. 6–7, ECF No. 200; see also Gov't Mot. Summ. Affirmance 3–5 (describing Tapia's nine disciplinary infractions).

Tapia did argue that the First Step Act's changes to the mandatory minimum penalties for violations of § 841(b) would make his sentence lower if imposed today. The District Court correctly found that such an argument could not support a finding of "extraordinary and compelling reasons" at the first step of the analysis. See United States v. Andrews, 12 F.4th 255, 260–61 (3d Cir. 2021) (holding that "[t]he duration of a lawfully imposed sentence does not create an extraordinary and compelling circumstance," and "[t]he nonretroactive changes to the § 924(c) mandatory minimums [] cannot be a basis for compassionate release"). And, though Andrews recognized that "the current sentencing landscape *may be* a legitimate consideration for courts at the next step of the analysis when they weigh the § 3553(a) factors," id. at 262 (emphasis added), our

4

review is not de novo, and Tapia has not presented any argument to prompt "a definite and firm conviction" that the District Court clearly erred in weighing the § 3553(a) factors. Pawlowski, 967 F.3d at 330. Indeed, the District Court considered the new mandatory minimums and agreed with the Government that Tapia's guidelines range would still be the same if sentenced today, so there is no reason to believe that his sentence would be different, accounting for his criminal history score and the § 3553(a) factors. See Dist. Ct. Mem. 4–5 & n.3 (citing ECF No. 196 at 21).

Accordingly, Tapia's appeal does not present a substantial question, and we will summarily affirm the District Court's order.