BLD-168                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1636
_____

UNITED STATES OF AMERICA

v.

KEVIN HILLER,
also known as KEV,
also known as KEVEN HILLER,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:06-cr-00096-004)
District Judge:  Honorable Eduardo C. Robreno

_____

Submitted for Possible Dismissal as Untimely
and on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 29, 2023
Before:  KRAUSE, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed:  July 19, 2023)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Kevin Hiller appeals from the District Court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1). The Government has filed a motion for summary affirmance. For the reasons that follow, we will summarily affirm the District Court's judgment.

In 2007, a federal jury found Hiller guilty of a firearm count and two Hobbs Act counts stemming from his role in an attempted robbery of an armored car. The District Court sentenced him to 216 months' imprisonment and five years' supervised release. Hiller unsuccessfully sought relief on direct appeal, see United States v. Hiller, 454 F. App'x 115, 115 (3d Cir. 2011), and via 28 U.S.C. § 2255, see C.A. No. 14-1366. He has since filed multiple applications to file second or successive § 2255 motions, all of which have been unsuccessful.

In 2021, Hiller filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1), citing his age, health issues and vulnerability to COVID-19, entitlement to additional credit, rehabilitation efforts, and improper classification as a career offender. The Government opposed the motion. The District Court denied the motion, concluding that Hiller had not presented extraordinary and compelling reasons justifying release and that release was not warranted upon consideration of the 18 U.S.C. § 3553(a) factors.

A year later, Hiller filed another motion, arguing that he was entitled to release because his health conditions (hypertension and chronic obstructive pulmonary disease or asthma) made him more vulnerable to COVID-19 complications and because he was

2

entitled to additional credit for time served.[1] The District Court denied it, concluding that Hiller failed to assert "extraordinary and compelling" reasons for release. Hiller now appeals. The Government filed a motion for summary affirmance. Hiller did not respond to the motion, and the response time has passed.[2]

We have jurisdiction under 28 U.S.C. § 1291. Pursuant to § 3582(c)(1)(A), a District Court may reduce a sentence if extraordinary and compelling reasons warrant such a reduction. We review a District Court's order denying a motion for compassionate release for an abuse of discretion and will not disturb that decision unless the District Court committed a clear error of judgment. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm a District Court's decision if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

We discern no abuse of discretion in the District Court's conclusion that Hiller did not present extraordinary and compelling reasons for release. First, while Hiller claimed that his health conditions made him more susceptible to complications related to COVID-19, "the mere existence of COVID-19 in society and the possibility that it may spread to

[1] While Hiller styled this filing as a "reconsideration request," the District Court treated it as a new motion for compassionate release, and we will do the same.

[2] While Hiller filed his notice of appeal more than 14 days after the District Court entered its order, see Fed. R. App. P. 4(b), the Government has not objected to the timeliness of the appeal, and we thus decline to dismiss it, see United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012) (explaining that Rule 4(b) is not jurisdictional). Hiller's motion to withdraw the appeal is denied.

a particular prison alone cannot independently justify compassionate release." <u>United States v. Raia</u>, 954 F.3d 594, 597 (3rd Cir. 2020). Hiller did not demonstrate that any additional risks posed by his health conditions warranted compassionate release. <u>See</u> <u>United States v. Andrews</u>, 12 F.4th 255, 260–62 (3d Cir. 2021) (finding no clear error in the determination that defendant's age, rehabilitation, and general susceptibility to COVID-19 were not compelling reasons warranting compassionate release). We also agree with the District Court that Hiller's arguments that he was entitled to additional credit for time served and that counsel performed deficiently at sentencing are not ones that may be considered extraordinary and compelling reasons for release. <u>See</u> <u>id.</u> at 260–61 (stating that the "duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance"); <u>United States v. Escajeda</u>, 58 F.4th 184, 187–88 (5th Cir. 2023).

Accordingly, we grant the Government's motion for summary action and will affirm the District Court's judgment.