DLD-054                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2782
_____

UNITED STATES OF AMERICA

v.

GREGORY WASHINGTON,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2:11-cr-00042-011)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted for Possible Dismissal Due to an Untimely Filed Notice of Appeal
and on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 11, 2024
Before:  JORDAN, PORTER, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 19, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Gregory Washington, a federal prisoner proceeding pro se, appeals the District Court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has filed a motion for summary affirmance. For the reasons discussed below, we grant the Government's motion and will summarily affirm the District Court's judgment.

Because we recently outlined this case's procedural history in affirming the District Court's denial of another § 3582 motion, see United States v. Washington, No. 22-3264, 2023 WL 2182376, at *1 (3d Cir. Feb. 23, 2023) (per curiam), we do so only briefly here. In short, Washington was convicted of conspiracy to distribute heroin and sentenced to 262 months' imprisonment. In 2015, he filed a motion under 18 U.S.C. § 3582 arguing that he was entitled to resentencing under Amendment 782 to the United States Sentencing Guidelines. The District Court determined that, while Washington was eligible for resentencing, no decrease to his sentence was warranted based on its consideration of the factors set forth in 18 U.S.C. § 3553(a).

Washington then filed another § 3582 motion, raising more arguments concerning Amendment 782. The District Court determined that the motion was meritless. We affirmed, concluding that Washington was not entitled to relitigate the District Court's initial denial of relief. See Washington, 2023 WL 2182376, at *2.

2

On June 8, 2023, Washington filed the instant motion for compassionate release. Dkt No. 1825. Washington argued that he was entitled to compassionate release based on (1) a serious health risk due to the spread of COVID-19 and other contaminants; (2) sufficient rehabilitation; and (3) subsequent changes in applicable sentencing law. The Government responded in opposition. On August 30, 2023, the District Court denied the motion, concluding that Washington failed to present extraordinary and compelling reasons that warrant a reduction, and additionally, may not relitigate arguments denied in prior motions. Dkt No. 1833. Washington appeals.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion a district court's order denying a motion for compassionate release. United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (quotation marks and citation omitted). We may take summary action if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[1] While there is a question regarding the timeliness of Washington's notice of appeal, we need not resolve that question to decide this case, for Federal Rule of Appellate Procedure 4(b)(1)(A)'s 14-day appeal period is not a jurisdictional rule, see United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012), and the Government asks us to summarily affirm in lieu of dismissing.

We agree with the District Court's disposition of this case. Under § 3582(c)(1)(A)(i), a district court may reduce a prison term if "extraordinary and compelling reasons warrant such a reduction." We conclude that the District Court did not abuse its discretion in concluding that the circumstances presented by Washington did not amount to extraordinary and compelling reasons justifying release.

First, in determining that Washington had not established extraordinary and compelling reasons, the District Court reasonably relied on the absence of evidence of Washington's alleged health issues and his refusal to be vaccinated against COVID-19. See, e.g., United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) (reasoning that "a prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release"). Moreover, we note that, to the extent that Washington relies on generalized concerns regarding the institution's alleged failure to combat the pandemic, these allegations are insufficient to constitute extraordinary and compelling reasons. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (explaining that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release"). This conclusion is similarly true with regard to Washington's concerns pertaining to the other contaminants

4

which Washington alleges present a health concern to him; he has failed to present any evidence to substantiate these claims.

Second, while Washington has provided evidence of his rehabilitation efforts, the District Court correctly concluded that rehabilitation alone cannot constitute extraordinary and compelling grounds under § 3582, see 28 U.S.C. § 994(t), and he has not shown that those efforts combined with his health concerns warrant relief.

Finally, as we have previously explained, Washington is not entitled to relitigate the District Court's denial of relief on his claim concerning Amendment 782. See Washington, 2023 WL 2182376, at *2.

Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment.